# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1253V
UNPUBLISHED

| | |
|---|---|
| JULIE SCHWINDT,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 3, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Summer Pope Abel*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On August 20, 2018, Julie Schwindt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 27, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 28, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On November 27, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $121,319.15 (comprised of $120,000.00 for pain and suffering and $1,319.15 for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unreimbursable expenses).  Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $121,319.15 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIE SCHWINDT,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 18-1253V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF DAMAGES

On August 20, 2018, Julie Schwindt ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleged that petitioner suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following her receipt of an influenza vaccination on September 27, 2017. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on August 27, 2019. Based on Respondent's Rule 4(c) Report the Chief Special Master found petitioner entitled to compensation.

**I.** **Items of Compensation**

    **A**. **Pain and Suffering**

Respondent proffers that petitioner should be awarded $120,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

B.  **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,319.15.  Petitioner agrees.

II.  **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$121,319.15**, in the form of a check made payable to petitioner.[1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

        s/Jennifer L. Reynaud  
JENNIFER L. REYNAUD  
Trial Attorney  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, D.C. 20044-0146  
Tel:  (202) 305-1586  

Date:   November 22, 2019

3